UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
                                        :        20cv2807(DLC)
  IN RE BIBOX GROUP HOLDINGS LIMITED     :
  SECURITIES LITIGATION                  :        MEMORANDUM OPINION
                                        :             AND ORDER
                                        :
----------------------------------------X

Appearances:

For lead plaintiff Alexander Clifford:
Kyle William Roche
Edward John Normand
Alex Potter
Roche Cyrulnik Freedman LLP
99 Park Avenue, Suite 1910
New York, NY 10016

Phillipe Selendy
Jordan Goldstein
Spencer Gottlieb
Michelle Foxman
Selendy & Gay PLLC
1290 Sixth Avenue, 17th Floor
New York, NY 10104

DENISE COTE, District Judge:

        Plaintiff Alexander Clifford moves for an order pursuant to

Fed. R. Civ. P. 4(f)(3) permitting alternative service for

defendants Bibox Technology Ltd. ("Bibox Ltd."), Bibox

Technology OÜ ("Bibox OÜ"), Wanlin "Aries" Wang ("Wang"), Ji

"Kevin" Ma ("Ma"), and Jeffrey Lei ("Lei") (collectively, the

"Unserved Defendants").  Plaintiff requests that he be allowed

to serve the Unserved Defendants through their social media

accounts, via corporate and personal email, and through the

registered agent of Bibox Group Holdings, Ltd. ("Bibox Holdings"), the sole defendant plaintiff has already served. For the following reasons, the plaintiff's request is granted.

**BACKGROUND**

The underlying suit is a securities class action seeking damages for the defendants' alleged unregistered buying and selling of securities in the form of digital tokens.  The complaint alleges that the defendants operate almost exclusively on the internet.  For instance, defendants listed offerings of digital tokens via Bibox's Twitter account and promoted "giveaways" or rewards on the Bibox website and Twitter account.[1] Visitors to Bibox's website who have questions about its privacy policy are encouraged to contact the company through an email address: support@bibox.zendesk.com.  Besides the corporate email address, the other means of contacting Bibox listed on its website are electronic messaging services.  The website does not list a physical mailing address for any entity.

On April 28, 2020, plaintiff served the registered agent for Bibox Holdings in the British Virgin Islands.  Bibox Holdings has yet to appear in this action.  Even before being formally served, a representative of Bibox Holdings responded to press inquiries about this action and publicly disputed that the

---

[1] Plaintiff asserts that Bibox Holdings, Bibox OÜ, and Bibox Ltd. do business under the name "Bibox."

digital tokens Bibox buys and sells are securities.  See Michael
Kapilkov, Recent Class Action Lawsuit Could Cost Binance
Billions of Dollars, CoinTelegraph (Apr. 10, 2020),
https://cointelegraph.com/news/recent-class-action-lawsuit-
could-cost-binance-billions-of-dollars.

The Unserved Defendants are closely related to Bibox
Holdings.  Bibox Ltd. and Bibox OÜ are subsidiaries of Bibox
Holdings.  Wang, Lei, and Ma are the co-founders of all three
companies and are involved in the companies' operations.  Wang
is responsible for "picking and listing" digital assets on
Bibox, Ma is the Business Vice-President, and Lei serves as CEO.

Plaintiff's efforts to serve the Unserved Defendants have
been unsuccessful.  Plaintiff discovered an Estonian address for
Bibox OÜ and Bibox Ltd.  On April 22, 2020, plaintiff initiated
service on both of them under the Hague Convention on the
Service Abroad of Judicial and Extrajudicial Documents in Civil
or Commercial Matters, Nov. 15, 1965, [1969] 20 U.S.T. 361,
T.I.A.S. No. 6638 ("Hague Convention").  In July 2020, the
Estonian Central Authority notified plaintiff that service could
not be effected because they lacked an "apartment number" and
"mailbox number".

On June 3, 2020, after obtaining an address for a Chinese
company that may be affiliated with Ma, plaintiff initiated
service under the Hague Convention through the Chinese Central

Authority.  Plaintiff is not able to ascertain the status of service on Ma through the Chinese Central Authority.

In a 2018 filing in New York State Court, Wang represented that he is a resident of Long Island City, New York and that Bibox Ltd. has an office at 1120 6th Avenue, Suite 1507, New York, New York 10036.  Plaintiff's process server was informed that neither Bibox Ltd. nor Wang was an occupant of that address.  Plaintiff's investigation also produced an address for Wang in Long Island City.  A doorman informed plaintiff's process server that Wang did not reside at that address.

The remaining unserved defendant is Lei.  Despite engaging a private investigator, plaintiff has been unable to identify any physical address for Lei.

## Discussion

Generally, service on a foreign defendant pursuant to the Hague Convention is "mandatory" when the defendant resides in a country that is a signatory to the Hague Convention. Volkswagenwerk v. Aktiengesellschaft, 486 U.S. 694, 699 (1988); see, e.g., Burda Media, Inc. v. Viertel, 417 F.3d 292, 299-300 (2d Cir. 2005).  The U.S. State Department advises that the People's Republic of China is a signatory to the Hague Convention.  The Hague Convention itself, however, recognizes that it "shall not apply where the address of the person to be served with the document is not known."  See S.E.C. v. Lines,

4

No. 07 CIV. 11387 (DLC), 2009 WL 3179503, at *3 (S.D.N.Y. Oct. 2, 2009).

A court possesses wide discretion to order alternative service of process under Rule 4(f)(3).  See Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002); S.E.C. v. Lines, No. 07 CIV. 11387(DLC), 2009 WL 2431976, at *2 (S.D.N.Y. Aug. 7, 2009).  Service by email may be appropriate where service by physical mail is not feasible.  Rio Properties, 284 F.3d at 1017-18.  Similarly, service via known social media accounts is permissible.  See, e.g., F.T.C. v. PCCare247 Inc., No. 12 CIV. 7189(PAE), 2013 WL 841037, at *5 (S.D.N.Y. Mar. 7, 2013).  A plaintiff seeking permission to use alternative service for a foreign defendant under Rule 4(f)(3) must show why service pursuant to the Hague Convention is not required and that the proposed method is not prohibited by the Hague Convention or another applicable international law.  Lines, 2009 WL 2431976, at *2 (citation omitted).  China has objected to the alternative methods of service listed in Article 10 of the Hague Convention.  See China-Central Authority and Practical Information, Hague Conference on Private International Law, https://www.hcch.net/en/states/authorities/details3/?aid=243 (last visited August 10, 2020).  Service by email or social media are not among those listed in Article 10.  Courts have understood objections to the alternative channels of service in

5

Article 10 to be limited to the methods specifically enumerated
therein.  See, e.g., PCCare247 Inc., 2013 WL 841037, at *3.
Accordingly, China's objection to service by postal mail has not
been taken to extend to service by electronic means.  See, e.g.,
Sulzer Mixpac AG v. Medenstar Indus. Co., 312 F.R.D. 329, 331-32
(S.D.N.Y. 2015).

Additionally, in order to comply with due process
requirements, alternative service must provide notice that is
"reasonably calculated, under all the circumstances, to apprise
interested parties of the pendency of the action."  Mullane v.
Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).
"[I]n the case of persons missing or unknown, employment of an
indirect and even a probably futile means of notification is all
that the situation permits and creates no constitutional bar to
a final decree foreclosing their rights."  Id. at 317; accord
S.E.C. v. Tome, 833 F.2d 1086, 1094 (2d Cir. 1987).  "Courts
have sensibly held that service on a high-level employee's
corporate employer, or counsel for that employer, is 'reasonably
calculated' to apprise the employee of the pendency of the
action and therefore comports with due process."  Stream SICAV
v. Wang, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013).  Service
through electronic methods such as email is more likely to
provide notice where defendants are creatures of the internet
who do business exclusively online.  See, e.g., Philip Morris

USA Inc. v. Veles Ltd., No. 06 CV 2988(GBD), 2007 WL 725412, at
*3 (S.D.N.Y. Mar. 12, 2007).

Plaintiff has shown that further recourse to the Hague
Convention is not required.  Plaintiff has exhausted the
reasonable efforts required under the Hague Convention.
Furthermore, plaintiff's attempts to locate other suitable
addresses have been unavailing.  In light of the
impracticability of plaintiff's efforts, the addresses of the
Unserved Defendants are essentially unknown, rendering the Hague
Convention service procedures inapposite.  This includes service
on Ma.  Although the process of serving Ma through the channels
set forth in the Hague Convention has not yet proven futile,
plaintiffs have shown that such service poses the risk of
significant delay.  Plaintiffs initiated service on Ma through
the Hague Convention two months ago and there is no means though
which it can monitor the status of its request through China's
Central Authority.  See generally Fundamental Innovation Sys.
Int'l, LLC v. ZTE Corp., No. 17 CV 01827-N, 2018 WL 3330022, at
*1 (N.D. Tex. Mar. 16, 2018) ("[T]he Central Authority in China
does not provide a means for checking the status of a service
request.").  Finally, alternative service on the Unserved
Defendants is particularly appropriate because Bibox has
obscured the physical locations of Bibox Ltd., Bibox OÜ and its
principals.

7

Service by email, social media, and Bibox Holdings's registered agent does not violate the Hague Convention or applicable international law.  As explained above, China's objection to the methods of alternative service listed in Article 10 of the Hague Convention does not encompass service by email or through known social media accounts.  Plaintiff's request is therefore consistent with applicable international law.

Plaintiff's proposed alternative method of service also comports with due process.  As an initial matter, service on the registered agent of Bibox Holdings is reasonably calculated to put the Unserved Defendants on notice of the pendency of this action.  Moreover, the proposed means of alternative service are reasonably calculated to reach the Unserved Defendants.

**Conclusion**

Plaintiff's July 31 request for alternative service is granted.

Dated:    New York, New York
          August 10, 2020

                         _____
                              DENISE COTE
                    United States District Judge