```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
                                       :
IN RE BIBOX GROUP HOLDINGS LIMITED     :     20cv2807 (DLC)
SECURITIES LITIGATION                  :
                                       :     OPINION AND ORDER
                                       :
-------------------------------------- X
```

APPEARANCES:

For lead plaintiff Alexander Clifford:
Kyle William Roche
Edward John Normand
Velvel (Devin) Freedman
Alex Potter
Roche Cyrulnik Freedman LLP
99 Park Avenue, Suite 1910
New York, NY 10016

Phillipe Selendy
Jordan Goldstein
Michelle Foxman
Selendy & Gay PLLC
1290 Sixth Avenue, 17th Floor
New York, NY 10104

For defendants:
Sigmund S. Wissner-Gross
Ashley L. Baynham
Brown Rudnick LLP
Seven Times Square
New York, NY 10036

DENISE COTE, District Judge:

On April 28, 2021, lead plaintiff Alexander Clifford moved for partial reconsideration of this Court's April 16, 2021 Opinion and Order (the "April 16 Opinion"), which granted the defendants' motion to dismiss all of the plaintiff's claims. The plaintiff seeks reconsideration of the April 16 Opinion only

to the extent that it dismissed the plaintiff's claims arising under the Illinois Blue Sky law. For the following reasons, the motion for reconsideration is denied.

### Background

The complaint alleges a variety of claims under federal securities law and state Blue Sky laws stemming from the defendants' issuance of crypto-assets and their operation of a crypto-asset exchange. In the April 16 Opinion, the defendants' motion to dismiss was granted on the grounds that the plaintiff lacked standing to bring suit regarding crypto-assets he had not purchased and that his claims regarding a crypto-asset he had purchased were time barred, either by the statute of limitations applicable to his federal claims or by his failure to timely comply with the pre-suit notice requirement of the Illinois Blue Sky law.[1] The April 16 Opinion is incorporated by reference, and familiarity with it is assumed. In re Bibox Group Holdings Limited Securities Litigation, No. 20cv2807 (DLC), 2021 WL 1518328 (S.D.N.Y. Apr. 16, 2021).

On April 28, the plaintiff moved for reconsideration of the portion of the April 16 Opinion that dismissed his claims

---

[1] The complaint alleges claims under the Blue Sky laws of all 50 states and the District of Columbia, but since the plaintiff is a resident of Illinois, the April 16 Opinion analyzed only the Illinois claims.

2

arising under the Illinois Blue Sky law.  The defendants opposed the motion for reconsideration on May 13, and the motion became fully submitted on May 20.

## **Discussion**

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances," and "[t]he standard for granting such a motion is strict." Van Buskirk v. United Grp. of Companies, Inc., 935 F.3d 49, 54 (2d Cir. 2019) (citation omitted).  "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Van Buskirk, 935 F.3d at 54 (citation omitted).  Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

I.   Applicable Provisions of the Illinois Blue Sky Law

The Illinois Blue Sky law provides that, in order to rescind a sale of securities made in violation of the Illinois Securities Act, the plaintiff must have provided "notice" to "each person from whom recovery will be sought" within 6 months "after the purchaser shall have knowledge that the sale of the securities to him or her is voidable."  815 Ill. Comp. Stat. Ann 5/13(B); see also Benjamin v. Cablevision Programming Investments, 499 N.E.2d 1309, 1312-13 (Ill. 1986).  This "notice requirement is more properly categorized as a 'condition precedent' than a 'statute of limitations.'"  Nat'l Credit Union Admin. Bd. v. Morgan Stanley & Co., No. 13cv6705(DLC), 2014 WL 241739, at *9 (S.D.N.Y. Jan. 22, 2014) ("NCUA"); see also Jacks v. Schneider Securities, Inc., 217 F.3d 525, 527 (7th Cir. 2000) ("The statutory six-month notice is not a statute of limitations, but is an equitable feature to protect against stale claims." (citation omitted)).  Accordingly, in order to survive a motion to dismiss an Illinois Blue Sky claim, the plaintiff must plead compliance with the requirements of the notice provision.  See, e.g., 766347 Ontario Ltd. v. Zurich Capital Markets, Inc., 249 F.Supp.2d 974, 988-89 (N.D. Ill. 2003); Reshal Assocs., Inc. v. Long Grove Trading Co., 754 F. Supp. 1226, 1236 (N.D. Ill. 1990).

4

"[T]he six month notification period may run from the date that the purchaser acquires constructive knowledge of voidability," Buehl v. Dayson, 469 N.E.2d 403, 409 (Ill. App. 1984),[2] and actual or subjective knowledge is not required. This reading comports with the purpose of the notice provision: as

---

[2] The plaintiff notes that other courts have held in cases involving the sale of unregistered securities that the notice period begins after a "judicial determination of voidability." See, e.g., Witter v. Buchanan, 476 N.E.2d 1123, 1134–35 (Ill. App. 1985); see also Hidell v. Int'l Diversified Invs., 520 F.2d 529, 539 (7th Cir. 1975) ("[E]ven though an investor might know of facts that would void his security purchase, it is only when he learns, possibly from his attorney, that those facts might have such a legal consequence that the statutory six months period begins to run."). When addressing unsettled questions of state law, "the job of the federal courts is carefully to predict how the highest court of the forum state would resolve the uncertainty or ambiguity." Yukos Cap. S.A.R.L. v. Feldman, 977 F.3d 216, 241 (2d Cir. 2020) (emphasis supplied) (citation omitted). Therefore, this Court must predict how the Illinois Supreme Court, which has not yet analyzed this aspect of the notice requirement, would construe the statute. "In doing so, we give fullest weight to the decisions of a state's highest court and proper regard to the decisions of a state's lower courts." Id. (citation omitted).

The Court concludes that the Illinois Supreme Court would adopt the construction of the provision set forth in Buehl. There is a split of authority among the Illinois appellate courts regarding the interpretation of the notice provision, as the Buehl court rejected the interpretation set forth in Witter. Moreover, Witter is on its own terms unpersuasive, as the "judicial determination of voidability" requirement is found nowhere in the statutory text and the inherent delay associated with waiting for a "judicial determination of voidability" undermines the statutory purpose of preventing a purchaser from "wait[ing] for the entire period of the statute of limitations to decide whether or not to bring suit." NCUA, 2014 WL 241739, at *8.

5

this Court has noted, "the purpose of the notice requirement is to prevent purchasers from adopting a wait-and-see tactic" by "cut[ting] down the liability period . . . so that the purchaser of securities sold in violation of the law cannot wait for the entire period of the statute of limitations to decide whether or not to bring suit." NCUA, 2014 WL 241739, at *8 (quoting Samuel H. Young, Interpretive Comments and Notes on Sections of the Securities Law of 1953 as Amended, S.H.A. Ch. 121½, Appendix, at 630 (1960)); see also Buehl, 469 N.E.2d at 409 ("[The] purpose [of the provision] is to prevent purchasers, who have sufficient knowledge of the remedy available to them, from waiting the entire three year statute of limitations to decide whether to elect rescission."). Therefore, in cases like this one that allege Illinois Blue Sky liability for sale of unregistered securities, "actual knowledge of non-registration is a factor in ascertaining the date of that constructive knowledge," but a plaintiff need not have subjective, actual knowledge of his right to bring suit under Illinois law in order to trigger the notification period. Buehl, 469 N.E.2d at 409.

II. Analysis

Applying these principles, the plaintiff has not satisfied the standard for a motion for reconsideration. The motion for reconsideration principally contends that the April 16 Opinion

6

misconstrued the requirements of the pre-suit notice provision of the Illinois Blue Sky law and therefore improperly dismissed the plaintiff's state law claims.

In his complaint, the plaintiff pleads that he did not "realiz[e] that [he] was in a position to bring claims [against the defendants] under . . . state law regulating securities until April 3, 2019," that he learned the "sale was voidable under Illinois law within six months prior to the filing of the original Complaint," and that he provided notice of his election to rescind his purchase on April 1, 2020.[3] The April 16 Opinion concluded, based on the plaintiff's own allegations in the complaint, that the plaintiff had constructive knowledge of the voidability of the transactions on April 3, 2019 and did not provide notice until April 1, 2020, rendering his notice untimely. As the complaint emphasized, on April 3, 2019, the

---

[3] The plaintiff's complaint does not itself allege that the plaintiff provided notice on April 1, 2020, but it alleges that the plaintiff provided to the defendants notice of his election to void his purchase without stating the date on which the notice was provided. In conjunction with his brief in opposition to the defendants' motion to dismiss, the plaintiff provided, as exhibits to a declaration of plaintiff's counsel, copies of letters dated April 1, 2020 that express to the defendants the plaintiff's intent to void his purchase under Illinois law. Because the complaint mentions these notices, the Court considered them incorporated by reference and therefore properly considered them on the defendants' motion to dismiss. Dixon v. von Blanckensee, 994 F.3d 95, 101 (2d Cir. 2021). ("[T]he complaint is deemed to include . . . documents incorporated in it by reference.") (citation omitted).

7

Securities and Exchange Commission ("SEC") published its Framework for Investment Contract Analysis of Digital Assets (the "Framework"), and the issuance of the Framework gave the plaintiff knowledge that his purchase of an unregistered security could be actionable.

The April 16 Opinion further concluded that, although the plaintiff alleged he "learned that the sale was voidable under Illinois law within six months prior to the filing of the original Complaint," this allegation was a "threadbare recital[] of the elements of a cause of action, supported by mere conclusory statements" that "d[id] not suffice" to survive a motion to dismiss. Dane v. UnitedHealthcare Insurance Company, 974 F.3d 183, 189 (2d Cir. 2020) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A disagreement with the Court's application of this well-established law to the plaintiff's complaint is not a basis to grant a motion for reconsideration.

The plaintiff's argument to the contrary is unpersuasive. The plaintiff principally argues that the April 16 Opinion improperly conflated the question of when the plaintiff learned of the facts underlying a potential claim with the question of when the plaintiff acquired actual knowledge that he has a claim under Illinois law, possibly from an attorney explaining his

rights to him. This argument misinterprets the April 16 Opinion.

The April 16 Opinion noted that, per the complaint, the plaintiff was in a position to appreciate on April 3, 2019 that the defendant's conduct might be actionable. That is the day the SEC published the Framework. For purposes of the Illinois Blue Sky law, the plaintiff therefore knew, on April 3, 2019, everything that was necessary to trigger his obligation to comply with its notice provision. By his own admission, he knew of all relevant facts regarding his transaction, and he was in a position to appreciate on that day that those facts could be actionable. While it may or may not be the case that he considered or actually appreciated on April 3, 2019 that those facts could be actionable under the specific provision of the Illinois Blue Sky law later invoked in his complaint, subjective knowledge is not the standard. Under Illinois law, if the plaintiff seeks rescission of his purchase, his constructive knowledge triggers the notice provision, and he had constructive knowledge on April 3, 2019.

The plaintiff also requests leave to amend to address the deficiencies in his complaint identified by the April 16 Opinion. "While . . . leave to amend shall be freely given when justice so requires, it is within the sound discretion of the

9

district court to grant or deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Broidy Cap. Mgmt. LLC v. Benomar, 944 F.3d 436, 447 (2d Cir. 2019) (citation omitted). Under these principles, the request must be denied.

Further amendment at this juncture would reward dilatory conduct and unduly prejudice the defendants. After initiating this action on April 3, 2020, the plaintiff amended his complaint on August 28, 2020. The defendants moved to dismiss the amended complaint on December 9, 2020. In moving to dismiss, the defendants argued that the plaintiff's Illinois Blue Sky claims must be dismissed for failure to comply with the notice provision. Instead of seeking leave to amend to address the deficiencies identified in the defendants' motion to dismiss, the plaintiff chose to rest on his pleadings and oppose the motion to dismiss. Even now, while the plaintiff seeks leave to amend, he has not provided a proposed amended complaint or revised language that would cure the deficiencies in his pleading: he simply asks that "if the Court determines that Plaintiff should have pleaded the precise date he understood himself to have a legal claim," he be given leave to amend to address that point. Given the plaintiff's repeated opportunities to amend, his strategic decision not to amend even

10

after learning of the defendants' arguments for dismissal, and the late stage at which the plaintiff now seeks another opportunity to amend, any further amendment would be improper. Moreover, the amendment would be futile. While the plaintiff seeks leave to amend to add the date upon which he had subjective knowledge of his ability to bring a claim, subjective knowledge is not relevant to the analysis of whether the plaintiff complied with the notice provision for the reasons set forth in this Opinion.

## Conclusion

The plaintiff's April 28, 2021 motion for reconsideration is denied.

Dated:    New York, New York
          May 28, 2021

                                    _____
                                    DENISE COTE
                                    United States District Judge